**STATE of Oklahoma DEPARTMENT OF HUMAN SERVICES, ex rel. Carolyn MINYARD, Appellant,**

v.

**Troy MINYARD, Appellee.**

No. 83040.

Court of Appeals of Oklahoma, Division No. 1.

Dec. 20, 1994.

Jena J. Sams, Asst. Dist. Atty., Durant, for appellant.

Clyde Stallings, Durant, for appellee.

*MEMORANDUM OPINION*

CARL B. JONES, Judge:

This proceeding was brought by the State of Oklahoma on behalf of the Appellant, Carolyn Kay Minyard under the provisions of 12 O.S. 1171.3 [1] to obtain an income assignment

---

1. 1171.3. Income assignment proceedings

A. Any person or entity entitled to receive child support payments for the current or for any prior month or months, or such person's legal representative may initiate income assignment proceedings by filing with the court an application signed under oath specifying:

1. That the obligor has failed to make child support payments required by a child support order in an amount equal to the child support payable for at least one (1) month;

2. A certified copy of the support order and all subsequent modifications or orders relating thereto;

for the Appellant's benefit to collect on an alimony judgment rendered in a divorce action. The Petition reads in part as follows:

COMES NOW THE PLAINTIFF, The Department of Human Services, and informs the Defendant:

a. That you were ordered on the 3rd day of March, 1993, to pay child support in the amount of $N/A per month child support and $8,000.00 for Alimony, which is equal to $500.00 per month for the period of sixteen (16) months and you are delinquent in the amount of $8,000.00, as of the 28th day of September 1993.

The trial court held a hearing on the Defendant's objection to the income assignment and found there were no minor children of the parties and the plaintiff was not receiving aid for dependent children. The court sustained the defendant's objection to the income assignment and stated in its order:

The court finds that Title 56 O.S. Section 240 B and C does not allow the State of Oklahoma to represent the plaintiff in an income assignment for the collection of alimony when the plaintiff is not drawing aid for dependent children.

3. That some person or entity, known or unknown, is indebted to or has earnings in his/its possession or under his control belonging to the obligor;
4. That the indebtedness or earnings specified in the affidavit, to the best of the knowledge and belief of the person making such affidavit, are not exempt by law; and
5. The amount of the support order and the amount of arrearage.
B. 1. Upon application by the person or entity entitled to receive child support payments or such person's legal representative, the court shall mail, by certified mail, return receipt requested, to the last-known address of the obligor, or shall serve in accordance with law, a notice of delinquency. The notice of delinquency shall be postmarked or issued no later than ten (10) days after the date on which the application was filed and shall specify:
a. that the obligor is alleged to be delinquent under a support order in a specified amount;
b. that an assignment will become effective against the obligor's earnings unless within fifteen (15) days of the date of mailing or service on the obligor of the delinquency notice, said date of mailing to be specified in

Appellant, State of Oklahoma, Department of Human Services ex. rel. Minyard, appeals this ruling of the trial court arguing in their brief two points: First, 56 O.S. § 240.1(B) authorized the Department of Human Services to collect spousal support through income assignment, and second that public policy dictates the department of Human Services should be authorized to collect spousal support judgments through income assignment. This Court finds both of Appellant's arguments to be ill-founded, and affirms the judgment of the trial court.

■ Appellant quotes 56 O.S. 240.1 with the deletion of matter pertinent to this appeal indicated by ellipsis as follows: B. "The Department is authorized to ... effectuate an income assignment for spousal support or the support of a minor child or both for an applicant or any person who is the recipient of aid to families with dependent children." This quotation omits the phrase "initiate proceedings and receive payments pursuant to Section 24 of this act to". Section 24 of the act is the next section, § 240.2, and it refers only to persons entitled to receive child support payments, stating that person may request an income assignment by submitting an affidavit specifying, first, that the obligor has failed to make child support payments

the notice, the obligor requests a hearing with the district court pursuant to this section;
c. that on or prior to the date of the hearing, in any case in which services are not being provided under the state child support plan as provided under Section 237 of Title 56 of the Oklahoma Statutes, the obligor may prevent the income assignment from taking effect by paying the full amount of the arrearage plus costs and attorney's fees provided, that the obligor shall only be entitled to prevent such income assignment from taking effect under this subparagraph a maximum of two times, thereafter, payment of any arrearages will not prevent an income assignment from taking effect;
d. that at the hearing, if requested, the obligor may contest the claimed delinquency only with regards to mistake of identity, or to the existence or the amount of the delinquency; and
e. that the assignment shall remain in effect for as long as current child support is due or child support arrearages remain unpaid and that payment of any arrearages, except as provided in subparagraph c of this subsection.

required by a child support order in an amount equal to the child support payable for one month.

■ Secondly, Appellant argues that § 240.1 [2] allows the department to effectuate an income assignment for spousal support for either an applicant or any person who is the recipient of aid to families with dependent children. She then states she is qualified because she is an applicant. Interpreted thusly, the word applicant is indicative of anyone who applies, as Appellant obviously has. However, the statute may not fairly be so broadly painted in view of its express provisions. This statute is entitled "initiation of proceedings to effectuate income assignment". The first subsection (A.) states: "The Department, upon application, by a person entitled to receive child support who is not receiving aid to families with dependent children, may initiate proceedings to effectuate an income assignment and receive payments pursuant to section 24 of this act." The Legislature could provide no more clearly than the application may be made by a person entitled to receive child support. No provision whatsoever is made for a person under these two statutes who is not receiving child support. Subsection B. limits action by the department to proceedings ". . . to initiate enforcement proceedings and receive payments pursuant to Section 240.2 of this title to effectuate an income assignment for spousal support or the support of a minor child or both . . .". Section 240.2 of title 56 is specifically limited to situations where enforcement proceedings can be instituted under the provisions of the proceeding section, which, as demonstrated, requires a child support order as a prerequisite to initiation of proceedings.[3]

■ Appellant's second and last argument is that public policy dictates that the Department of Human Services be authorized to collect through income assignment outstanding spousal support judgements. First, it must be said that any public policy which supplants the private sector in collecting personal judgments not tied into the welfare of children is not apparent to this Court. Ap-

2. 56 O.S. § 240.1. Initiation of enforcement proceedings to collect support from obligor and to effectuate income assignment

    A. **In cases where child support services are being provided by the Division, the Division may initiate enforcement proceedings to obtain a judgment for arrearages;** to effectuate an income assignment; to receive current support and judgment payments; to review and modify support orders pursuant to child support guidelines in Section 118 of Title 43 of the Oklahoma Statutes; and to initiate any other legal proceeding in the district or administrative court to implement the collection of support from an obligor. A reasonable fee and costs may be assessed for the services pursuant to the rules and regulations promulgated by the Department. Such fee, not to exceed Twenty-five Dollars ($25.00), shall be paid by the applicant and such other costs shall be in addition to the amount withheld pursuant to the income assignment. In any hearing on a notice of delinquency or other enforcement proceeding, the district or administrative court may include the amount of the fee paid by the person entitled to support payments in any judgment against the obligor.

    B. The Division is authorized to initiate enforcement proceedings and receive payments pursuant to Section 240.2 of this title to effectuate an income assignment for spousal support or the support of a minor child or both for an applicant or any person who is the recipient of Aid to Families with Dependent Children.

    C. The Division is authorized to initiate enforcement proceedings and receive payments pursuant to Section 240.2 of this title to effectuate an income assignment for any debt due and owing to this state by the natural or adoptive parents or parent who are responsible for the support of a minor child pursuant to Section 238 of this title or found to be responsible for the support of a minor child pursuant to Sections 238.1 through 238.6 of this title.

    D. Upon application by an obligor who requests support enforcement services, the Division is authorized to initiate any proceedings necessary to provide support enforcement services to the obligor and to receive payments of the support obligation or any judgment. A reasonable fee and costs may be assessed for the services pursuant to the rules promulgated by the Department. Such fee, not to exceed Twenty-five Dollars ($25.00), shall be paid by the applicant. Laws 1985, c. 297, s 23, operative Oct. 1, 1985. Amended by laws 1994, c. 365, s 6, eff. Sept. 1, 1994. (Emphasis added.)

3. § 240.2. Referral or application for services—Notice of initiation of enforcement proceedings—Income assignment

    A. After receiving a referral or application for services, the Division may initiate enforcement proceedings, as defined in Section 240.1 of this title. . . .

pellant refers to 56 O.S. § 240.5, stating in part that those persons not receiving aid to families with dependent children shall be given equal access to the services provided by the Department of Human Services. This Court sees no apparent reason this provision should dictate that this provision should expand the duties of the Department to providing services for persons not receiving child support payments who wish to collect spousal support. The argument has no apparent merit to this Court.

The trial court was eminently correct in denying the request of the Assistant District Attorney to collect a spousal support award where there is absolutely no statutory authority to do so. Accordingly, the judgment of the district court must be and is affirmed.

AFFIRMED.

HANSEN, P.J., and JOPLIN, J., concur.